SOPHIA V. BENSON, RESPONDENT, *v.* NICHOLAS ANDERSON AND NEPHI P. ANDERSON, APPELLANTS.

DECREE—WHEN OPENED—CHANGE OF VENUE.

1. A final decree upon the hearing of a cause on its merits cannot be amended or set aside on a motion made after the term has ended, and after the time has expired within which a motion for a new trial as fixed by the statute has passed. After that, such a decree can only be opened upon a bill of review, or upon an original complaint for fraud. But this rule does not apply to avoid decrees or clerical errors.

2. A decree entered after a trial on the merits of the case cannot be opened, set aside, or changed upon a motion, entered after the term, and after the time fixed by the statute for the entry of such motion. An order made upon such a motion is void, and this rule also applies to that part of the decree relating to costs.

3. A refusal of the court to change the venue, upon a motion to set aside a void order, made after final decree in a case, is not reversible error.

(No. 743.   Decided Dec. 11, 1896.)

Appeal from the Second district court, Weber county. Hon. H. H. Rolapp, *Judge.*

Action by Sophia V. Benson against Nicholas Anderson and Nephi P. Anderson. Judgment for plaintiff, and defendants appeal from an order denying a motion for change of venue and vacating an order. *Affirmed.*

*R. H. Jones,* for appellants.

*Maloney & Perkins,* for respondent.

ZANE, C. J.:

This is an appeal from an order of the district court of Weber county, denying a motion of defendant Nephi P. Anderson to transfer the cause to the district court of Boxelder county, and vacating an order of the district court of the late territory of Utah sitting in the first-named county. It appears from the record that the district court of the territory, on December 15, 1894, heard the cause, and entered a final decree determining the rights of the parties to the land in litigation, and taxing the costs of the case against the defendants; that Nephi P. Anderson, on the 8th day of July, 1895, entered a motion to strike out of the decree that part taxing the costs, and adjudging them against the defendants; and that on the 9th day of December, 1895, another judge sitting in the same court granted the motion. It further appears from the record that the plaintiff, on the 21st day of January, 1896, filed a motion to vacate the last-mentioned order, and that another judge, sitting in the district court of the state in the same county, granted the last-mentioned motion. This is the order appealed from.

The term of the court at which the final decree adjudging the costs against the defendants was made had expired months before the motion to strike out was made. In fact, another term intervened. It was not a void decree,—merely a decree in form,—nor was it a decree *pro confesso*, or by default. Therefore the defendant should have entered his motion during the term at which the decree was made, or, if he desired a rehearing or new trial, he should have given notice and filed his motion for a new trial within such time as the statute allowed. That time having passed, the decree could be opened only by bill of review, or by an original complaint for fraud. "But neither a final judgment nor a final decree,

pronounced upon a hearing on the merits, can be set aside after the term, upon motion, for any error into which the court may have fallen. The law does not permit any judicial tribunal to exercise any revisory power over its own adjudications after they have, in contemplation of the law, passed out of the breast of the judge." 1 Freem. Judgm. § 101. The same rule applies to the imposition of costs embodied in a final decree. "The discretion of the chancellor in the imposition of costs is exercised and exhausted when a decree for the payment of costs is embodied in a final decree settling the equities of the case and defining and declaring the rights of the parties. In the execution of the decree, and as to matters subsequently arising, a further consideration of the cause may be, and is usually, necessary in the court of chancery; but upon such consideration, the term of the court at which the decree was passed and entered having expired, it is not within the competency of the court, upon mere motion, to vary or impugn in any material respect the original decree. Clerical errors or omissions may be corrected, but the sentence of the court, that which has been deliberately ordered and adjudged, cannot be varied. And that is as true in reference to the decree for costs as to any other part of the decree, though as to their imposition the court had originally a discretion. The discretion has been exercised, and cannot be recalled without rendering it uncertain when there will be a final sentence disposing of them." Beach, Mod. Eq. Prac. § 1029. We are of the opinion that the order striking out that part of the final decree adjudging the costs against the defendants was without authority of law, and therefore void.

The defendant Nephi P. Anderson insists that the order appealed from is void; that, under the state constitution,

the district court of Weber county was not authorized
to make it; that the case should have been transferred to
the district court of Boxelder county.    Before statehood
all causes of action arising in the latter county were tried
in Weber county.    It is conceded that the cause was
properly brought in the district court of Weber county,
and prosecuted therein during the existence of the terri-
tory, but it is claimed that the district court of the state
sitting in that county had no jurisdiction to make the
order.    The first district embraced Weber, Boxelder, and
other counties before statehood, and the place of holding
court in the district for many years was in Weber county,
and the records of the district court, under the territory,
remained in the office of the clerk of that court, after the
inauguration of the state government, except such as
were transferred under section 7 of article 24 of the state
constitution, to the district courts of the respective coun-
ties in which the causes of action arose.    So much of
that section as it is necessary to consider, with respect
to this case, is as follows:   "All actions, cases, proceed-
ings, and matters pending in the supreme court and dis-
trict courts of the territory of Utah at the time the state
shall be admitted into the Union, and all files, records,
and indictments relating thereto, except as otherwise pro-
vided herein, shall be appropriately transferred to the
supreme and district courts of the state, respectively;
and thereafter all such actions, matters, and cases shall
be proceeded with in the proper state courts."   This pro-
vision contemplated the transfer of cases, proceedings,
and matters pending,—not cases closed.    Such record
remained in the counties in which they had been made
up.    The final decree, and the order striking out a portion
of it, were rendered by the territorial court, and, under the

14 UTAH—22

state, the record thereof remained in the office of the clerk of the district court in Weber county. The order complained of declared an order void found on the records in the office of the clerk of the district court of Weber county.

Defendant also urges that the order appealed from was erroneous because notice that it would be made was not given until after the expiration of the term at which the order to be rescinded was made. Some orders may be made after the end of the term at which a final decree was made upon a hearing, and without a motion for a rehearing or new trial within the time specified in the statute, among which are void judgments, decrees, and orders; and orders making the record speak the truth, correcting clerical errors, and some others of like character, may be so made. Freem. Judgm. § 98; 2 Beach, Mod. Eq. Prac. § 851; *City of Olney* v. *Harvey*, 50 Ill. 453.

The order appealed from is affirmed, with costs.

BARTCH, J., and STREET, District Judge, concur.