JOHN LEES, APPELLANT, *v.* I. E. FREEMAN, RESPONDENT, IMPLEADED WITH J. J. FREEMAN, DEFENDANT.

PRACTICE — MODIFICATION OF ERRONEOUS JUDGMENT — UNDER SEC. 3256, C. L. U. 1888 — WHEN NOT ALLOWED.

> Where application was made February 19, 1898, under Sec. 3256, C. L. U. 1888 as amended, to modify a judgment entered July 12, 1897, but the order modifying the judgment was not entered until September 12, 1898, the term at which the judgment was entered having ended on the second Monday in September, 1897, the court had no jurisdiction over the subject matter, and his action in modifying the judgment was illegal, as relief could only be granted upon application made within a reasonable time, not exceeding six months after the adjournment of the term.[1]

(Decided May 25, 1899.)

Appeal from the Fourth District Court, Utah County, Hon. Warren N. Dusenberry, *Judge.*

---

[1] *Elliott* v. *Bastian*, 11 Utah, 452; *Benson* v. *Anderson*, 14 Utah, 334; *Blythe* v. *Swenson* (dissenting opinion) 15 Utah, 669; *Fisher* v. *Emerson*, 15 Utah, 517.

Judgment was entered August 5, 1897, and on February 18 defendant I. E. Freeman filed his verified petition in the case to modify and correct the judgment.

On the 12th day of September, 1898, the judgment was modified and corrected in accordance with the petition. From the order and judgment of modification plaintiff appeals.

*Messrs. Frick & Edwards*, for appellant.

*Messrs. Booth & Booth*, for respondent.

### STATEMENT OF FACTS.

In this case, trial was had before the court on April 12, 1897. The court took the case under advisement, and on the 12th day of July, 1897, the clerk of said court entered in his minutes on the record in a case entitled *John Lees*, plaintiff, v. *J. J. Freeman*, defendant, as follows :

" This cause heretofore heard and taken under advisement, the court now being fully advised, renders its judgment and findings for the plaintiff and against the defendant in the sum of $456.71, and costs of suit, or a return of the sheep in question, and that findings and decree in accordance therewith be signed and filed.

" (Signed)

" WARREN N. DUSENBERRY, *Judge.*"

Thereafter, on August 5, 1897, findings of fact and conclusions of law were filed and entered awarding judgment against defendants J. J. Freeman and I. E. Freeman for the sum of $485.59, and interest and costs.

On February 18, 1898, defendant I. E. Freeman filed his verified petition entitled in the case, to modify and correct said judgment according to the facts on the ground

that the court rendered judgment against J. J. Freeman alone, and in favor of I. E. Freeman of no cause of action ; that the attorney for the plaintiff willfully, knowingly, and fraudulently prepared false findings and decree therein, wherein it was made to appear that judgment had been rendered against both J. J. Freeman and I. E. Freeman, and that said attorney corruptly procured the signature of the judge to said findings, whereby there was entered a judgment against the petitioner I. E. Freeman and J. J. Freeman, for the sum of $500, to his irreparable injury; that said I. E. Freeman was temporarily out of the State during said period, and neither he nor his attorney knew anything of said judgment until February 11, 1898, and no notice of said judgment was served on said petitioner I. E. Freeman, or his attorney, at any time. The petitioner prays for a modification of said judgment to the extent of releasing him therefrom, and that the judgment as made on July 12, 1897, be entered of record, and the findings and decree filed August 5, 1897, be set aside.

On September 12, 1898, the court found and made the following order :

"That the actual findings of this court after the trial, and as announced from the bench, were in favor of the defendant, I. E. Freeman, no cause of action. That the court inadvertently, and without the knowledge or consent of the defendant petitioner, and against the well-known and avowed findings of the court, signed findings and decree whereby judgment was erroneously and unjustly rendered against I. E. Freeman, defendant and petitioner, when in truth and fact and justice the findings and judgment and decree should have been in favor of said defendant and petitioner, I. E. Freeman, no cause of action.

"That no notice of signing said findings and decree was served on said petitioner defendant, or on his counsel, until after filing his petition for modifying the said judgment.

"As conclusions of law the court finds that the said findings and decree signed on the 12th day of July, 1897, and filed August 5, 1897, should be so modified that the same should show no cause of action against the said petitioner defendant, I. E. Freeman, and that the judgment against J. J. Freeman should stand.

"It is therefore ordered, adjudged, and decreed, that the findings and decree of this court made in this case, and signed on the 12th day of July, 1897, and filed on the 5th day of August, 1897, be and the same are hereby so modified and vacated that the same shall show no cause of action against the said defendant I. E. Freeman, and the said defendant I. E. Freeman is hereby entirely released from said judgment and all its obligations; and that the said plaintiff pay the costs of this proceeding taxed at two dollars and fifty cents.

"Done in open court this 12th day of September, 1898.

"WARREN N. DUSENBERRY, *Judge.*"

From this order and judgment the plaintiff appeals to this court.

MINER, J., after stating the facts, delivered the opinion of the court.

Section 3256, C. L. U., 1888, as amended, provides among other things, that the court may "upon such terms as may be just, relieve a party or legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; and when, for any reason satisfactory to the

court, or the judge thereof, the party aggrieved has failed to apply for the relief sought during the term at which such judgment, order, or proceeding complained of was taken, the court, or the judge thereof in vacation, may grant the relief upon the application made within a reasonable time, not exceeding six months after the adjournment of the term."

The original judgment was ordered entered July 12, 1897. The petition to modify the judgment was filed February 19, 1898. The judgment was corrected and modified September 12, 1898. The term at which the judgment was entered ended on the second Monday of September, 1897. The order modifying the judgment and granting relief was not made until after the expiration of six months from the adjournment of the term at which the judgment was rendered.

The application to correct or modify the judgment was not made until after the expiration of the term at which the judgment was entered. Under such circumstances the court had no jurisdiction over the subject matter, and his action in modifying the judgment was illegal.

The record presents a strong argument in favor of the equitable action of the court, but our statute does not give jurisdiction under the circumstances shown. In a case such as presented here, a bill in equity is the proper remedy by which all the parties may be brought before the court, and where issues may be regularly joined and tried on all the facts connected with the transaction. This court has so held on several occasions. *Elliott* v. *Bastian et al.*, 11 Utah, 452; *Benson* v. *Anderson*, 14 Utah, 334; *Blyth* v. *Swenson* (dissenting opinion), 15 Utah, 369, and cases cited; *Fisher* v. *Emerson*, 15 Utah, 517; *Lapham* v. *Campbell*, 61 Cal., 296: *People* v. *Harrison*, 84 Cal., 607.

The judgment and findings as originally entered should stand unless corrected by proper proceedings commenced for that purpose.

The judgment and order appealed from are reversed with directions to the District Court to set aside the order and judgment appealed from, modifying the judgment and findings as originally entered.

Appellant is entitled to costs.

BARTCH, C. J., and BASKIN, J., concur.