Appeal from Third District.

## J. P. FOWLER MFG. CO. v. CITY COURT OF SALT LAKE CITY et al.

No. 3358.   Decided June 19, 1919.   (182 Pac. 205.)

COURTS—MUNICIPAL COURT—SETTING ASIDE DEFAULT. Comp. Laws 1917, section 6619, providing that district courts may relieve a party from a judgment taken against him through mistake, inadvertence,. etc., within six months after adjournment of the term, being also applicable to city courts within section 1729, a city court cannot relieve a debtor from a default judgment against him for inadvertence or excusable neglect after six months from the date of such judgment, although sections 1700-1736, dealing with city courts, contain no provisions for any "terms" of court.[1]

Appeal from District Court, Third District, Salt Lake County; *P. C. Evans*, Judge.

Application for writ of certiorari by the J. P. Fowler Manufacturing Company against the City Court of Salt Lake City and Thomas R. Cutler, Jr.   From a judgment dismissing the writ, applicant appeals.

REVERSED and REMANDED.

*Chris Mathison* of Salt Lake City, for appellant.

*R. W. Young, Jr.* of Salt Lake City, for respondents.

GIDEON, J.

This is an appeal from a judgment of the district court of Salt Lake county dismissing a writ of certiorari.   The determining question is the jurisdiction of the city court to annul or set-aside a default judgment on motion of the default-

[1] *Elliott* v. *Bastian*, 11 Utah, 452, 40 Pac. 713; *Lees* v. *Truman*, 19 Utah, 481, 57 Pac. 411; *Luke* v. *Coleman*, 38 Utah, 383, 113 Pac. 1023, Ann. Cas. 1913B, 483; *McMillan* v. *Forsythe*, 47 Utah, 571, 154 Pac. 959.

ing debtor by reason of inadvertence or excusable neglect after six months 'from the datè of entry of such judgment.

It appears from the record that on April 14, 1916, a judgment by default was entered in the city court in favor of J. P. Fowler Manufacturing Company, appellant herein, against Thomas R. Cutler, Jr., respondent herein. Six months and twenty-four days after the entry of the judgment, the respondent served upon counsel for appellant and filed with the clerk of the city court a motion to set aside the default judgment, which motion was based upon the allegcd grounds of inadvertence and excusable neglect. The motion was granted. Thereupon the appellant applied to the district court for a writ of certiorari against the city court, which writ was issued and upon the hearing upon the return of that writ the district court held that the order of the city court vacating said judgment was within the jurisdiction of that court and entered judgment dismissing the writ. From that judgment the appellant brings the case to this court by appeal. It will therefore be seen that the sole question presented on the appeal is: Has the city court of Salt Lake City power to relieve a defaulting debtor from judgment taken against him by reason of inadvertence or excusable neglect on motion made more than six months from the date of the entry of the judgment?

. Comp. Laws Utah 1917, section 6619, relating to the dis-.cretionary ·powers of district courts in civil cases, provides, among other things:

"And may, also, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; and when, for any reason satisfactory to the court, or the judge thereof, the party aggrieved has failed to apply for a new trial or other relief sought during the term at which such judgment, order, or proceeding complained of was taken, the court, or judge thereof in vacation, may grant the relief upon the application made within a reasonable time, not exceeding six months after the adjournment of the term."

Chapter 4, entitled "City Courts," which contains sections 1700 to 1736, inclusive, of the Com'piled Laws of Utah 1917,

provides for the creation of city courts, defines the qualifica-
tions and terms of office of the judges of that court, the juris-
diction of such courts, and contains other provisions as to the
machinery of the court.   No provision is made therein for
any "terms" of court.   Section 1729 of that chapter, relating
to rules of practice, reads as follows:

"The sections of the Code of Civil Procedure, and the amendments
thereto, relating to the rules of practice and mode. of procedure
in the district court, and providing for provisional remedies, and
prescribing the practice and procedure in special proceedings, and
all the laws of this state, except as in this chapter otherwise pro-
vided, are applicable to the city court, the necessary changes and
substitutions being made herein.   In order that the powers, rules
of practice and mode of proceedings of the city court shall con-
form as nearly as possible to that of the district court, as the
same are, or may hereafter be, prescribed by law, all those sec-
tions of the Code of ·Criminal Procedure, and the amendments
thereto, relating to the trial of·criminal actions in justices' courts,
and the procedure and practice of committing magistrates, are like-
wise made applicable to the city court, the necessary changes and
substitutions being made therein."

There are no provisions in that chapter defining the time
or power of the city court to relieve a litigant from a judg-
ment entered against him by inadvertence or excusable neg-
lect.   The provisions of section 6619 are therefore applicable
and controlling and limit the power of the city court to re-
lieve a party from a judgment or from proceedings taken
against him through inadvertence or excusable neglect.   In
our opinion the provisions of such section are controlling and
conclusive against the contention of the respondent herein.
The following Utah authorities are of interest as bearing upon
the question here determined:   *Elliott* v. *Bastian,* 11 Utah,
452, 40 Pac. 713; *Lees* v. *Truman,* 19 Utah, 481, 57 Pac. 411;
*Luke* v. *Coleman,* 38 Utah, 383, 113 Pac. 1023, Ann. Cas.
1913B, 483; *McMillan* v. *Forsythe,* 47 Utah, 571, 154 Pac. 959.

It follows that the judgment of the district court must be
reversed.   Such is the order.   The cause is remanded to the
district court of Salt Lake county, with directions to rein-
state the same and to issue the writ as prayed for by the ap-
pellant herein.   Costs to be taxed against respondent Cutler.

CORFMAN, C. J., and WEBER and THURMAN, JJ., concur.

FRICK, J.

I concur. The question is not one of purely equitable cognizance, as respondent's counsel in his brief seems to assume. Under the statute in question here, the application to obtain relief from a default judgment must be made in the original action and upon the grounds stated in the statute. The right to thus proceed must of necessity be made in accordance with the statutory provisions as pointed out by Mr. Justice GIDEON. That, however, does not preclude the respondent from instituting an independent action in equity to enjoin the enforcement of the judgment or to obtain relief if the facts and circumstances justify such an action as pointed out in the case of *McMillan* v. *Forsythe*, 47 Utah, 571, 154 Pac. 959.