## In re GODDARD'S ESTATE.
## GRANT v. BURTON, District Judge.

No. 4701.   Decided January 5, 1929.   (272 P. 961.)

*J. M. Foster,* of Cedar City, for plaintiff.

*King & King,* of Salt Lake City, *C. D. McNeely,* of Delta, and *George B. Hancock,* of Huntington Park, Cal., for defendant.

CHERRY, J.

This is a writ of review directed to Thomas H. Burton, judge of the district court of Iron county, by which the plaintiff seeks the review of certain proceedings and the annulment of a certain order vacating a prior judgment entered in the Matter of the Estate of Sidney C. Goddard, Deceased.

In compliance with the writ, the judge of the district court of Iron county has certified and returned to this court a transcript of the record of the proceedings in question.

Counsel for the judge of the district court has made a motion to quash the writ and dismiss the proceedings upon the grounds that the writ was directed to and served upon the judge instead of the court. *Richmond* v. *Houser,* 7 Cal. Unrep. 343, 96 P. 908, where the court denied ▮ certiorari without prejudice on this ground is cited in support of the motion. We think the better rule is stated in *County of Brown* v. *Winona & St. Peter Land Co.,* 38 Minn. 397, 37 N. W. 949, where the court said:

The objection that the writ was directed to the judge of the court, instead of to the court, goes only to matter of form, and is not well taken. Where there is a proceeding in a court, and it has but one judge, he has the direction and control of the record; and the mandate of this court requiring him, as such judge to certify the record and proceedings of this court, is, in substance and effect, a direction to his court to so certify."

There is but one judge of the district court of Iron county. The objection goes only to matter of form and not of substance, and at best suggests a mere formal error which may be disregarded. The motion to quash and dismiss is denied.

From the record certified here, it appears that there was pending in the district court of Iron county a petition for

the probate of the will of Sidney C. Goddard, deceased, to which a protest had been filed by Hannah M. Jolley, which petition and protest presented issues of fact triable by jury. On September 3, 1926, the parties to the proceeding, pursuant to Comp. Laws Utah 1917, § 1682, all stipulated that Grover Giles, Esq., a member of the bar of this court, should be appointed as judge pro tempore for the trial of the cause. Thereafter the judge pro tempore qualified as such and proceeded to set a time for trial, and on the day appointed impaneled a jury and tried the cause. The jury returned a verdict upon which a judgment was entered on October 29, 1926, admitting the will to probate.

Letters testamentary were issued to Emily Grant, the person named in the will as executrix, who thereupon duly qualified as such and proceeded to execute the will. The term of court at which the proceedings were had terminated by lapse of time on November 22, 1926, at which time the next term began.

On October 15, 1927, Hannah M. Jolley, who had previously protested against the probate of the will, filed a petition alleging that the proceedings had before the judge pro tempore were all illegal and without authority or jurisdiction, for the reason that such proceedings were had at a time after the regular term of court for Iron county had been adjourned and before the succeeding term. She prayed that all of the proceedings had before, and the orders made by, the judge pro tempore in the cause be vacated and set aside. The petition was submitted to Hon. Thomas H. Burton, as judge of the district court of Iron county, who, on February 28, 1928, made and entered an order granting the petition and vacating and setting aside all of the proceeding had before the judge pro tempore in the cause, including the order admitting the will to probate.

This last-mentioned order is sought to be annulled in this proceeding upon the ground that it was made without legal authority or jurisdiction.

The question which must control the decision here is whether the order complained of was made at a time when the court had the legal power to vacate the judgment.

"At common law, and in the absence of statute changing the rule, jurisdiction over the cause ceased with the expiration of the term at which final judgment was rendered and thereafter the court has no power to correct or amend the judgment, and a fortiori the court has no power after expiration of the term to open or vacate the judgment. * * * The only remedy after the term for irregular and erroneous, as distinguished from void, judgments is usually by new trial, review, writ of error, or appeal, as either may be appropriate and allowable by law, or by some other mode specially provided by statute." 34 C. J. 210.

Comp. Laws Utah 1917, § 6619, provides that the court may.

"upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; and when, for any reason satisfactory to the court, or the judge thereof, the party aggrieved has failed to apply for a new trial or other relief sought during the term at which such judgment, order, or proceeding complained of was taken, the court, or judge thereof in vacation, may grant the relief upon the application made within a reasonable time, not exceeding six months after the adjournment of the term."

This is the only statute applicable to the situation here presented which can be claimed to modify the common-law rule.

By numerous decisions of this court it is settled that a judgment, not void on its face, cannot in the same proceeding by motion, be opened or vacated by the court which rendered it, except within six months after the adjournment of the term at which the judgment was rendered. *Elliott* v. *Bastian,* 11 Utah 452, 40 P. 713; *Benson* v. *Anderson,* 14 Utah 334, 47 P. 142; *Lees* v. *Freeman,* 19 Utah 481, 57 P. 411; *Fowler Mfg. Co.* v. *City Court,* 54 Utah 541, 182 P. 205; *J. B. Colt Co.* v. *Dist. Ct.* (Utah) 269 P. 1017.

If the judgment is void upon its face, it may be vacated and set aside at any time. 34 C. J. 217.

Tested by these principles, the order complained of was plainly beyond the power and jurisdiction of the court. The judgment admitting the will to probate was attacked upon the ground that it was rendered out of term time. To sustain this contention it was necessary to show by extrinsic proof that the term had been previously adjourned. That fact did not appear upon the face of the judgment. Upon the showing made, we are not at all satisfied that the objection was sustained in fact, but that is unimportant here, for in this proceeding we inquire only whether, at the time, the court had jurisdiction to act at all upon the grounds alleged.

The rule applicable is wholesome and necessary. There must be an end to the time when judgment can be questioned.

In this case the protestant had a remedy by motion for new trial and also by appeal, but she permitted the time limited by law therefor to lapse without seeking either. Nearly a year after the adjournment of the term at which the proceedings were had, she, by a motion, attempted to avoid the judgment upon extrinsic grounds. It is a case plainly within the rule which denies jurisdiction of a court to open or vacate its judgments under such circumstances.

The order complained of, setting aside the proceedings had before the judge pro tempore and vacating the order admitting the will to probate, is annulled; no costs allowed.

THURMAN, C. J., and STRAUP, HANSEN, and GIDEON, JJ., concur.