**Vickie Jean Butler HEATH,**
**Plaintiff and Respondent,**

v.

**Darrell Eugene HEATH, Plaintiff**
**and Appellant.**

No. 13941.

Supreme Court of Utah.

Oct. 29, 1975.

Richard M. Day of Meredith, Barber & Day, Salt Lake City, for plaintiff and appellant.

Paul J. Merrill, Spanish Fork, for plaintiff and respondent.

HENRIOD, Chief Justice:

Appeal from the denial of a motion to vacate a default divorce decree. Affirmed with costs to plaintiff.

The chronology of events in this case is as follows: Marriage, August 16, 1968; Duane, a male child, was born to plaintiff, May 5, 1970; Divorce Complaint and Order to Show Cause (never heard) were filed February 4, 1971. The return on Summons (requiring answer in 20 days,— not accomplished) stating service on defendant on February 9, 1971, was filed on February 11, 1971; hearing in the case, after failure to answer as required, was held on April 28, 1971, and the Decree,

Findings, Default Certificate were filed on April 29, 1971; the Motion to Set Aside Decree was filed (3½ years later) on November 1, 1974, and Denial of the Motion was filed on December 20, 1974.

As is apparent from this chronology, defendant has never filed a timely answer, was in default for two months before the matter was heard and his default and a decree entered. He then slept on his alleged rights for 3½ years, when belatedly he attempted to rectify his failure to plead and protraction, by filing a motion to vacate the decree on the strength of several false assumptions,—which are the main thrust of his appeal here, to-wit:

■ 1. He urges that the trial court erred in entering the decree 7 days before the 90 days required after the filing of the complaint, citing the provisions of Title 30–3–18, Utah Code Annotated 1953.[1] Defendant says this legislation is mandatory and that the trial court cannot have a hearing or enter a judgment before the statutory time, an assertion not reflected in the statute. Fact is, that the statute only makes it mandatory *"unless* the court for good cause shown and set forth in the findings, otherwise orders." This sanction was followed. There was an abundance of good cause shown, since defendant timely did not answer the complaint, the court found the defendant in default, and recited that because defendant used drugs to excess and was jailed, there was no basis for reconciliation. Such finding proved to be quite accurate, since defendant neither bothered to effect a reconciliation nor to move for any kind of relief for 3½ years. Then he filed his belated motion to vacate without even suggesting that plaintiff had no grounds for divorce. Under these circumstances and others reflected in the record, the trial court entirely was justified in denying the relief prayed, because of lack of timely request, long passage of time before making such request, general procedural neglect,[2] urgence of hypertechnicality about a statute he misinterpreted, and an almost complete absence of substance or merit in the relief for which he prayed.[3]

■ 2. Defendant also contends that the trial court, in order to get around the 90-day period, must have ordered a hearing and given the defendant notice thereof. This may have been so if defendant timely had filed an answer, but not where he was in default, in which event he is not entitled to either a hearing or notice.[4]

As an adjunct to his argument, defendant is clearly wrong when he claims the trial court could not "waive" the statutory time, that being the prerogative *of defendant* which he did not exercise. The statute's language reflects exactly the opposite and we find no error on the part of the court in shortening the time under its provisions.

We believe and hold that the lower court did not err, but that under the Rules, the authorities and the circumstances extant here, defendant did by urging too little too late.

ELLETT, CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

---

1. Counseling service not to be construed as condonation.—Unless the court, for good cause shown and set forth in the findings, otherwise orders, no hearing for decree of divorce shall be held by the court until ninety days shall have elapsed from the filing of the complaint, provided the court may make such interim orders as may be just and equitable.

2. Rule 60, Utah Rules of Civil Procedure.

3. *Ney v. Harrison,* 5 Utah 2d 217, 299 P.2d 1114 (1956); *Brasher v. Brown,* 23 Utah 2d 247, 461 P.2d 464 (1969).

4. Rule 55(a)(2), Utah Rules of Civil Procedure.