**J. R. BAGNALL, aka Joseph R. Bagnall, and Florence Bagnall, Plaintiffs and Respondents,**

v.

**SUBURBIA LAND COMPANY, an Idaho Corporation, Reed R. Maxfield, Mildred S. Maxfield, Jean B. Nyberg Shirk, Darwin Nyberg, Glenna Nyberg, Suburbia Land Company, a Utah Corporation, Roger E. Maxfield, Suburbia Land Company, a Nevada Corporation, Lavera Maxfield, Lester Romero, Sanpete Land & Livestock Company, a Utah Corporation, Utah Valley Land & Development Company and United Paint & Colors Company, Defendants and Appellants.**

No. 14733.

Supreme Court of Utah.

May 4, 1978.

See also, Utah, 579 P.2d 914.

Ronald C. Barker, Salt Lake City, Richard L. Maxfield, Provo, for defendants and appellants.

Jackson Howard of Howard, Lewis & Peterson, Provo, for plaintiffs and respondents.

HALL, Justice:

Appeal from a judgment quieting title in respondents in a tract of land in Sanpete County. The facts are essentially the same as in *Bagnall v. United Paint and Colors Company*, Utah, 579 P.2d 914, also decided today.

At approximately the same time as the *United Paint* case was being tried and decision rendered, the Bagnalls commenced yet another suit against Suburbia Land Company (Suburbia) as a slander of title action.

Suburbia had previously executed and recorded a mortgage against the property in question. After this Court's decision in 1975[1] Bagnalls requested Suburbia to remove the mortgage. When it failed to do so, suit was commenced to remove the cloud on the property.

The trial court handed down its decree in the *United Paint* case on July 9, 1976. The last paragraph of the Decree reads as follows: "Title to said property is hereby quieted in Joseph R. Bagnall and Florence Bagnall, his wife against all of the above named defendants." (Emphasis added.) After that decision, several motions were made in the Suburbia suit including one by Bagnalls for Summary Judgment based upon the final decree in the *United Paint* case. The court heard the motions at a hearing on August 26, 1976, and apparently discovered that a typographical error had been made in the original June 5, 1974, Decree (later affirmed by this Court) which did not conform with the Conclusions of Law. The Conclusions of Law in that earlier appeal included the following language:

> 1. The plaintiffs are entitled to judgment and decree against the defendants declaring the contract forfeited and granting to the plaintiffs possession of the property *and quieting title in the said plaintiffs to the property* described in Exhibit "A" attached, against all defendants herein named . . .. [Emphasis added.]

The Decree however failed to incorporate the provision of the Conclusions of Law pertaining to the quieting of title and erroneously read as follows:

> 1. The plaintiffs are hereby granted a decree against the defendants granting to them possession of the property described in Exhibit "A" attached hereto, against all defendants herein named . . ..

Although the transcript of the August 26 hearing was not made a part of the record on appeal,[2] respondents represent that the court instructed them to draft an Amended Decree to conform with the Conclusions of Law. Respondent then pointed out to the court that the July 9, 1976, Decree quieted title as against *all* defendants and there would be no necessity to amend the Decree of June 5, 1974. The court agreed and so ruled.

The thrust of this appeal by Suburbia is that the court could not amend its 1974 decree after it had been affirmed by this Court. The trial court may correct clerical mistakes in judgments at any time.[3] Our decision here must turn upon whether or not the alleged error in the 1974 Decree was clerical in nature. This Court has previously discussed the distinction between a judicial error and a clerical error.[4] The later-cited case makes the following observation: "The distinction . . . depends on whether it [the error] was made in rendering the judgment or in recording the judgment as rendered."[5] Whether the substantive rights of the respective parties are affected is not determinative.

We are convinced that a clerical error was made in the recording of the Decree of June 5, 1974, and that the trial court adopted as an amended decree in that judgment the Decree of July 9, 1976. The fact that this Court had in the interim affirmed the erroneous decree is of no consequence. In that appeal, this Court presumed the findings to have been supported by admissible, competent, substantial evidence and chastised the litigants for inviting the court to perform their procedural obligations and conduct their research. By affirming the decision, the trial court's inherent power to correct clerical errors was not terminated, as under the rule that correction may be made at any time.

1. *Bagnall v. Suburbia Land Company,* Utah, 542 P.2d 183 (1975).

2. Without a transcript the trial court's actions are presumed to be valid. *Sawyers v. Sawyers,* Utah, 558 P.2d 607 (1976).

3. Rule 60(a), U.R.C.P.

4. *Frost v. District Court,* 96 Utah 106, 83 P.2d 737 (1938); *Richards v. Siddoway,* 24 Utah 2d 314, 471 P.2d 143 (1970).

5. *Richards,* at p. 317, 471 P.2d at p. 145.

The trial court's decision is affirmed and appellants requests for new trial and to supplement their brief are inappropriate and therefore denied. Costs to respondents.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.