**Gene Fredrick HOWARD, Plaintiff and Appellant,**

v.

**Audrey Ann HOWARD, Defendant and Respondent.**

**No. 16121.**

Supreme Court of Utah.

Oct. 18, 1979.

Joseph C. Fratto, Salt Lake City, for plaintiff and appellant.

Don Blackham of Blackham & Boley, Granger, for defendant and respondent.

HALL, Justice:

Plaintiff appeals from an order denying his motion to vacate a decree of divorce granted in favor of defendant.

The circumstances which give rise to this appeal are as follows: On July 3, 1973, defendant (then plaintiff) prepared a complaint, to be filed in the district court of Salt Lake County, State of Utah, seeking a divorce from plaintiff, (then defendant) her husband of eight and a half years. Two days later, plaintiff executed and signed a document entitled "Appearance and Waiver," wherein the following pertinent language appeared:

> [Plaintiff] does hereby waive the service of summons upon him in the above entitled cause of action; acknowledges receipt of a copy of the complaint herein, and consents that his default may be entered forthwith, and that the aforementioned action may be heard on its merits at any time or place and in his absence and without further notice to him . . .

This document, together with the complaint prepared by defendant, was filed with the court on July 16, 1973.

Some 25 days later on August 10, 1973, while plaintiff was absent from the state pursuant to his vocation as a truck driver, defendant, in an ex parte proceeding, obtained a decree of divorce in accord with the demand of her said complaint.

On July 19, 1978, plaintiff filed a pleading entitled "Independent Action to Vacate Decree of Divorce." This pleading, together with a personal affidavit signed by plaintiff, asserted that the court had no jurisdiction to grant the 1973 decree of divorce since the defendant fraudulently failed to disclose to the court all of the assets accumulated by the parties during their marriage.[1] Plaintiff also asserted that he

---

1. Also in support of his contention that a fraud had been committed on the court, plaintiff

claims that he signed the entry of appearance and waiver only upon oral representation made

signed the appearance and waiver only upon the understanding that he would have a period of 90 days in which to "change his mind," prior to the time a divorce decree would issue.[2]

On August 28, 1978, plaintiff filed a pleading entitled "Plaintiff's Amended Action to Vacate Decree of Divorce." On the same day, plaintiff filed a notice of hearing stating that the action would be called for hearing before the law and motion division of the court on September 5, 1978. Hearing was held on that date, at which both parties appeared and argued the matter. On October 4, 1978, the court issued an order denying plaintiff's action to vacate the decree of divorce. This order was followed, on the 10th of October, by a set of findings of fact and conclusions of law, prepared by plaintiff's attorney and signed by the trial court. It is from this order, together with the findings and conclusions prepared in pursuance thereof, that plaintiff brings this appeal.

■ Plaintiff essentially makes three arguments. First, it is averred that the court granting the divorce decree in 1973 failed properly to waive the 90-day waiting period provided by Utah law,[3] in that both the findings of fact and the decree of divorce referred to a waiver, by the court, of "the three-month waiting period," rather than the "90-day waiting period." The waiting period having not been effectively waived, plaintiff argues, the entry of a decree of divorce, after only 25 days, was null and void. Second, plaintiff asserts that the waiver of the waiting period was improper, as no good cause existed therefor. Third, it is asserted that the trial court hearing plaintiff's action in 1978 committed error in that (1) it was obliged to accept all allegations of fact made by plaintiff, since no responsive pleading was filed by respondent prior to the hearing on September 5, and (2)

the trial court failed to make a finding of fact regarding plaintiff's allegations of fraud on the court.[4] We find the contentions without merit, and hereby affirm the action of the trial court.

The Court notes, in connection with plaintiff's first contention, that U.C.A., 1953, 30–3–18, in requiring that "no hearing for decree of divorce shall be held by the court until 90 days shall have elapsed from the filing of the complaint," prescribes a waiting period which is not necessarily of three months' duration. Most commonly, any three consecutive months during the calendar year will run one or two days longer than a 90-day period. The 1973 trial court's use of the term "three-month waiting period" reflects a common tendency, on the part of practitioners and to some extent the courts, improperly to regard the two periods as synonymous and interchangeable. While such a practice should be discouraged, we deem it inadvisable to regard it as a matter of such importance that it justifies the exhuming of a six-year old decree of divorce. The intent of the trial court was made clear by the words used, in spite of the error in form, and the plaintiff was not prejudiced thereby.

■ Plaintiff's second contention, that the waiting period was improperly waived, is based on the wording of the same statute which formed the basis for his first contention. That section requires the 90-day waiting period "unless the court, for good cause shown and set forth in the findings, otherwise orders."[5] It is plaintiff's contention that no "good cause" existed in this case to justify the court in waiving the waiting period. Plaintiff invokes the case of *Heath v. Heath*,[6] as authority for the proposition that the waiver in this case was improper. Waiver of the 90-day waiting period in that case turned on a set of facts not present in

---

to him by the defendant that plaintiff would be given certain assets referred to in the decree.

2. U.C.A., 1953, 30–3–18.

3. Ibid.

4. The trial court's findings were limited to the question of whether the 90-day waiting period was adequately and properly waived.

5. Supra, footnote 2.

6. Utah, 541 P.2d 1040 (1975).

the instant case, evidently leading plaintiff to assert that the waiver here was improvident. Such an assertion ignores the fact that, in the present case, the trial court had before it an express written waiver, signed by the plaintiff himself. Plaintiff explicitly declared himself in default and gave his consent to the pursuit of a divorce decree at any time, without further notice to him. Such a declaration by the plaintiff furnished abundant justification for the trial court to waive the 90-day waiting period.[7]

Plaintiff's third contention, dealing with the findings and decision of the trial court from which the instant appeal was taken, saddles us with substantial procedural difficulties. The present action was apparently launched at the outset as a separate, independent action to set aside the divorce decree of 1973. Such an action is permitted by Utah law, even after the time period for filing a motion to set aside a judgment has passed.[8] To this end, plaintiff drafted a complaint, which was filed together with his affidavit. On August 28, however, in conjunction with the filing of an amended complaint, plaintiff reverted to procedure for the filing and arguing of a motion in the original action before the court below. Hearing was noticed before the law and motion division of the court, and was had only eight days following the filing of the amended complaint. The trial court below dealt with the matter as having been made on motion only, issuing a routine order dismissing the action.

The above facts create three problems for plaintiff, in light of the arguments which he pursues before this Court. First, his "action" seems to have lost the character of a full, independent legal action when it was filed, heard, and dealt with as a motion. Under Utah law, a motion to set aside judgment on the grounds alleged by plaintiff must be pursued not more than three months after the entry of judgment.[9] By donning the vestments of a motion to vacate, plaintiff's action appears to have forfeited the right to enter the court after the statutory deadline had passed. Second, plaintiff's assertion that the defendant's failure to file a responsive pleading constituted an admission, by which the trial court should have been bound, fails, in that (1) no responsive pleading is required to a simple motion in Utah, and (2) plaintiff, by his own action, set up a hearing date two days before a responsive pleading would have been due in an independent action under Utah law.[10] Third, plaintiff's assertion that the findings of the trial court failed adequately to deal with the allegations made by his complaint and affidavit must fail, as no findings are required to support an order pursuant to motion.[11]

The only possible challenge plaintiff might make to the action of the trial court is that the order dismissing the motion was not in accord with the evidence. This we may not consider, as plaintiff has failed to provide us with a transcript. Where no transcript of trial proceedings is furnished, the trial court's ruling on the evidence must be presumed correct.[12]

It is also to be noted that, even should we be willing to treat the proceedings below as an independent action, plaintiff is precluded from challenging the findings of the trial court as incomplete due to omission of any apparent consideration of the alleged fraud on the court. This is so because plaintiff himself drafted the pro-

---

7. Plaintiff attaches importance to his allegations that the written appearance and waiver was procured by misrepresentation, thus implying that good cause did not, in fact, exist for waiving the waiting period. There were no allegations of misrepresentation or of any misconduct whatsoever before the trial court in 1973, such assertions being raised for the first time in July of 1978. The 1973 court's finding of good cause for waiver of the waiting period is thus unimpaired by such allegations.

8. Rule 60(b), U.R.C.P.

9. Ibid.

10. Rule 15(a), U.R.C.P.

11. Rule 52(a), U.R.C.P.

12. *Goodman v. Lee*, Utah, 589 P.2d 759 (1978); *Bagnall v. Suburbia Land Co.*, Utah, 579 P.2d 917 (1978).

posed findings ultimately adopted by the court. It is, of course, true that a party need not request an amendment to the findings of fact at the trial level in order to pursue an appeal thereon.[13] When, however, a party drafts findings which are adopted by the court, and includes therein no mention of a material allegation of fact raised at trial, such party may be deemed to have waived any objection to the failure of the trial court to make such a finding. Such a waiver must be considered conclusive upon appeal.[14] To rule otherwise would permit a party tacitly to omit a material finding of fact from the proposed findings, and then pursue reversal as a matter of law due to failure of the trial court to make such a finding.

As a final point, it might be observed that it is not uncommon practice in many jurisdictions to waive statutory requirements of findings of fact and conclusions of law on every relevant issue in the case of petitions to vacate a judgment.[15] Under such a procedure, failure to address an allegation of fact would simply be treated as an implicit rejection of that fact. The propriety of such a rejection would depend upon an examination of the evidence adduced at the hearing, for which purpose plaintiff has furnished us with no transcript.

The order of the trial court is affirmed. No costs awarded.

CROCKETT, C. J., and WILKINS and STEWART, JJ., concur.

MAUGHAN, J., concurs in result.

---

**13.** Supra, footnote 11.

**14.** *Farrell v. Turner*, 25 Utah 2d 351, 482 P.2d 117 (1971).

**15.** See 46 Am.Jur.2d Judgments, § 782.