OPINION
Defendant-appellant/cross-appellee, Wallace Goode, appeals his conviction for misdemeanor driving under the influence of alcohol ("DUI") in violation of R.C. 4511.19(A)(1). In a cross-appeal, plaintiff-appellee/cross-appellant, the state of Ohio, argues appellant should have been convicted of DUI with three prior convictions in the past six years, which would constitute a felony. We overrule appellant's appeal and appellee's cross-appeal.
On October 6, 1997, appellant was indicted for driving under the influence of alcohol with three prior DUI offenses within the past six years, a felony of the fourth degree. The bill of particulars alleged appellant was driving under the influence of alcohol in the village of Morrow, Warren County, Ohio on July 26, 1997. The three prior convictions were alleged to be September 15, 1992 in the Hamilton County Municipal Court, May 27, 1993 in the Warren County Court in Lebanon and June 30, 1994 in the Clermont County Municipal Court in Batavia.
On February 23, 1998, appellant filed a motion in limine
seeking to suppress two documents which the state intended to use to help prove two of appellant's prior convictions. The first document was a Warren County Court judgment entry and the second document is a Hamilton County Municipal Court journal entry. Appellant moved to suppress the first document because it did not contain a time stamp showing it was filed with the clerk for journalization. Appellant argued that the second document "does not contain a caption, a clear pronouncement of the court's judgment, including the plea and verdict or findings, the judge's signature or a time stamp indicating its filing with the clerk for journalization." On March 18, 1998, the trial court granted the motion in limine.
On April 9, 1998, appellant filed another motion inlimine. The motion was filed in response to appellee's intention to introduce at trial two nunc pro tunc
entries intended to cure the defects in the two documents the trial court had previously found inadequate. On the same day, the trial court ruled from the bench, denying the motion in limine in regard to the two nunc pro tunc entries.
The case then proceeded immediately to trial. The trial court found that appellee had proved beyond a reasonable doubt that appellant was driving under the influence of alcohol. In addition, the trial court ruled that appellee had proven the prior convictions in Hamilton County Municipal Court and Warren County Court. However, the trial court found that the prior conviction from the Clermont County Municipal Court had not been proven and, therefore, found appellant guilty of misdemeanor driving under the influence of alcohol. Due to the two prior convictions, appellant was sentenced to twelve months in jail, with ten months suspended. See R.C. 4511.99(A)(3) (allowing for a sentence with a minimum of thirty days and a maximum of one year for conviction of driving under the influence of alcohol with two prior convictions in the past six years). From his conviction, appellant filed a timely appeal.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ADMITTING STATE'S EXHIBITS 3 AND 4 INTO EVIDENCE.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ADMITTING INTO EVIDENCE STATE'S EXHIBITS 7, 8 AND 9.
In his first assignment of error, appellant argues that the trial court erred by admitting into evidence the nunc protunc entries used as proof of appellant's prior convictions in Hamilton County Municipal Court and the Warren County Court. "Nuncpro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might have or should have decided or what the court intended to decide." State ex rel.Litty v. Leskovyansky (1996), 77 Ohio St.3d 97, 100. Black's Law Dictionary (6 Abridged Ed. 1991) 737, states that that nuncpro tunc is "[a] phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect,i.e., with the same effect as if regularly done."
Appellant argues that a judgment is only effective when journalized by the clerk of courts and, therefore, the prior convictions were effective only when the nunc protunc entries were entered into the record. See Crim.R. 32(C). Under this legal theory, the "prior convictions" would technically be subsequent to appellant's most recent DUI and could not be used to enhance appellant's sentence. However, the original judgment entries did memorialize appellant's prior convictions. Both entries prove beyond any reasonable doubt a conviction for DUI occurred. The nunc pro tunc entries merely supplied the necessary evidentiary foundation for proving appellant's identity as the defendant in each case.
Moreover, having reviewed the original entries and the nuncpro tunc entries, it is clear that the original decision of the court was not modified in any way. Rather, the nuncpro tunc entries reflect what the court actually decided at the time of the convictions. Therefore, we do not agree that the convictions should not be considered "prior convictions" because thenunc pro tunc entries were subsequent to the date of appellant's most recent DUI offense. A nunc protunc entry, by definition, is retroactive to the original date of the entries. Thus, the first assignment of error is overruled.
In the second assignment of error, appellant argues that the trial court erred by admitting trial exhibits seven, eight and nine, which are the citations appellant was issued for driving under the influence of alcohol. These exhibits were introduced to prove appellant was the "Wallace Goode" convicted of the earlier DUI offenses. Appellant claims the citations were not properly authenticated and are inadmissible hearsay. We disagree.
The citations are self-authenticating pursuant to Evid.R. 902(4), certified copies of public records. See Columbus v.McAfee (Dec. 31, 1984), Franklin App. No. 84AP-456, unreported. In addition, the citations were used by the state for identification purposes and not the observations of the officer. For example, appellant's height, weight and eye color are listed on each citation. The officer's description or observations of the offenses were not relevant and there is nothing in the record that indicates they were considered by the trial court for any purpose. Therefore, the information utilized in the citations was likely to be reliable and falls under the public record hearsay exception, Evid.R. 803(8)(b). State v. Ward (1984), 15 Ohio St.3d 355,358. Thus, the second assignment of error is overruled.
The state of Ohio filed for leave to file a cross-appeal pursuant to App.R. 5(B), which was granted by this court. The state of Ohio presents the following assignment of error:
 THE TRIAL COURT ERRED IN FAILING TO FIND THE DEFENDANT GUILTY OF VIOLATING OHIO REV. CODE 4511.19 THREE TIMES IN THE PRECEDING SIX YEARS BECAUSE CLERMONT COUNTY'S MUNICIPAL COURT JUDGEMENT [SIC] AND TRAFFIC CITATION WERE SUFFICIENT TO IDENTIFY THE DEFENDANT.
The trial court found that appellee failed to prove appellee's prior conviction in the Clermont County Municipal Court for driving under the influence. The trial court concluded that the journal entry of the conviction, exhibit five, did not have a social security number and, therefore, could not be linked to the citation, exhibit nine.
When a prior conviction is used to enhance a conviction from a misdemeanor to a felony, the prior convictions are essential elements of the crime and must be proven beyond a reasonable doubt. State v. Perkins (June 22, 1998), Madison App. No. CA97-10-047, unreported, at 6. One method of proving a prior conviction is R.C. 2945.75(B) which provides that:
 Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in entry as the offender in the case at bar, is sufficient to prove such prior conviction.
This court has recently reaffirmed that R.C. 2945.75(B) is not the exclusive method for proving a prior conviction. State v. Perkins
(June 22, 1998), Madison App. No. CA97-10-047, unreported, citingState v. Chaney (1998), 128 Ohio App.3d 100. The determining factor is whether other evidence exists to identify appellant as the person convicted. Id.
After reviewing the trial court's decision, the court concluded that the evidence was insufficient to prove the prior conviction rendered in the Clermont County Municipal Court. To the extent the trial court considered R.C. 2945.75(B) as the sole method for proving that prior conviction, we note, for the reasons enumerated in Perkins and Chaney, that is not the law in this district. We decline to consider the other evidence and decide whether it was sufficient to prove this prior conviction in the context of this discretionary state appeal. The cross-assignment of error is overruled.
Judgment affirmed.
WALSH and VALEN, JJ., concur.