305 P.2d 488

STATE of Utah, Plaintiff and Respondent,

v.

Eugene JOHNSON and Charles Brooks, Defendants and Appellant.

No. 8548.

Supreme Court of Utah.

Dec. 29, 1956.

1. Also, reference is made to cases collected in Brown v. Milliner, 120 Utah 16, 232 P.2d 202.

La Var E. Stark, Ogden, for appellant.

E. R. Callister, Jr., Atty. Gen., Maurice D. Jones, Asst. Atty. Gen., for respondent.

WADE, Justice.

Eugene Johnson, appellant herein, appeals from a conviction of burglary in the second degree. He contends the court should have granted a motion to dismiss the information because of insufficiency of evidence proving he had committed the crime.

Although controverted in some particulars by appellant and his drinking companion and codefendant, Charles Brooks, the evidence disclosed that about 1:20 a. m. on July 3, 1955, the policemen in a radio patrol car, which was stationed without lights in the vicinity of Harrison Boulevard and 30th Street in Ogden, spotted a man walking rapidly away from the front of a building occupied in part by the Robins' Five and Ten Cent Store. After questioning this man, appellant herein, as to what he was doing there, they arrested, handcuffed and placed him in the police car. They then proceeded to the Five and Ten Cent Store, tried the front door, found it locked and spied Charles Brooks, appellant's co-defendant, inside of the store standing between the door and the display window. One of the policemen went to the car to radio for help while the other told Brooks to come out the way he had entered. Brooks went toward the back of the store where officers, who had driven to the rear of the building in answer to the policeman's call for aid, heard someone try to open a door. On flashing a light, someone was heard running towards the front of the building. At that time officers noticed a broken window located about 18 feet above the ground. The officers ran around to the front of the store and arrived just in time to see Brooks drop behind a showcase. The store manager was called and upon his arrival, he opened the door with a key, and Brooks was arrested and searched. On his person were found leather gloves, a pocket knife and a flashlight. When appellant was searched a pair of gloves similar to those found on Brooks was found on him. When Brooks recognized the arresting officer, he said: "Well, I guess you got me cold turkey." This same officer had seen Brooks and appellant in a tavern drinking together at about 7 p. m. of July 2. In the meantime one of the policemen discovered that appellant was no longer in the police car. Upon search he was found lying near a service station located close by with a deep gash in his head caused by a fall. Although it was apparent Brooks and appellant had been drinking

spiritous refreshments, they appeared to be able to walk and talk in a reasonable manner.

After Brooks and appellant were removed and taken to the police station, one of the officers went back to the rear of the building and discovered a ladder dismantled in two pieces and hidden by cardboard, as well as some pliers and tools near a telephone pole located about five feet from the building and about 20 feet from the broken window. This ladder did not belong to the store, and no one claimed ownership of it. The officer also noticed a plank there which was about 8 or 10 feet long, and upon checking to see if it could have been used to gain ingress into the building, found that it only reached about half way up the building and could not have been used for such a purpose. The only way Brooks could have gotten into the building was through this broken window, as the lower windows were barred, and the doors were locked. The ladder which was found was of sufficient length to aid in the entrance.

After being booked at the police station, appellant and Brooks were further questioned. Brooks refused to make any statements, and appellant said he could not talk "because too many people were involved." At the trial Brooks testified that he was drunk and only entered the store because of curiosity, and appellant testified that while he had been in Brooks' company from about 4 or 5 o'clock of July 2, he did not know when Brooks left him in a field near the Five and Ten Cent Store, as he was sleeping off a drunk, and upon awakening he decided he would like to know what time it was and so he looked into the Five and Ten Cent Store to see if there was a clock there, and then feeling sick, he was going around the building to tend to personal needs when apprehended.

Under the provisions of Sec. 76-1-44, U.C.A.1953, anyone who aids or abets or advises and encourages the commission of a crime is a principal in such crime. From the evidence we have set out above and the reasonable inferences therefrom, a jury could find beyond a reasonable doubt that appellant was guilty as charged. Not only were appellant and Brooks together in the hours just preceding the burglary, but the only reasonable inference from the physical facts of the entry was that Brooks had been aided by someone. The only apparent means of ingress to the building was through a broken window in the second story of the building, and the only apparent means of reaching this window was by the ladder found hidden nearby. This ladder could not have been hidden by Brooks after he had entered; it therefore follows that someone had to do it for him. Appellant was present in the vicinity, was seen looking in the window when Brooks was present on the inside and then seen

walking rapidly around towards the rear of the building. From these facts it is reasonable to infer that he hid the ladder and was acting as a lookout for Brooks and was aiding and abetting him in the burglary. The court therefore did not err in refusing appellant's motion to dismiss the information at the close of the State's case.

Conviction affirmed.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WORTHEN, JJ., concur.