Ray LINDSAY, Plaintiff,

v.

Lee C. ATKIN and Peter A. Nyberg, Defendants and Appellants,

v.

PARRISH OIL TOOLS, INC., Defendant and Respondent.

No. 18638.

Supreme Court of Utah.

March 21, 1984.

LaMar J. Winward, St. George, John S. Snow and David Halliday, Salt Lake City, for defendants and appellants.

James F. Shumate, Cedar City, for plaintiff.

Robert McRae, Vernal, for defendant and respondent.

DURHAM, Justice:

The question on this appeal is whether the trial court abused its discretion by denying a motion to correct its earlier order "nunc pro tunc." The order dismissed Parrish Oil Tools, Inc. ("Parrish Oil Tools"), defendant, from the lawsuit "with prejudice," and defendant sought a change to reflect a dismissal "without prejudice." We affirm the trial court's order.

Plaintiff Lindsay sued appellants Atkin and Nyberg in May 1978 in Duchesne County District Court on a promissory note executed by appellants naming Southern Utah Hay Company ("Southern Utah Hay") as promisor and Lindsay as promisee. Atkin and Nyberg defended on the ground that a second note had been substituted for the first, relieving them of liability to Lind-

say. In March 1980, Parrish Oil Tools and others were brought into the suit as defendants on Lindsay's motion to include all parties with an interest in the action. Subsequently, the parties determined that Parrish Oil Tools was a limited partner in Southern Utah Hay. At a pretrial conference in July 1980, Lindsay's counsel stated that, as a limited partner, Parrish Oil Tools was not a proper party and "should be out if [their counsel] would submit his order." Counsel for Parrish Oil Tools submitted an order to the trial court that was signed August 6, 1980, and read as follows:

> Based upon the pleadings and exhibits in this case and good cause appearing a [sic] Order of Dismissal with Prejudice should be granted to Defendant Parrish Oil Tools Incorporated.

> It is therefore ordered that Defendant Parrish Oil Tools, Incorporated is dismissed out of this lawsuit with prejudice.

At trial, Atkin and Nyberg were found liable on the first promissory note, and a judgment was entered against them on October 30, 1980. No appeal was ever filed from either the judgment or the order of dismissal. Having satisfied the judgment, Atkin and Nyberg instituted an action in Washington County District Court stating a claim against Parrish Oil Tools, apparently for indemnification or contribution. Parrish Oil Tools raised the above dismissal with prejudice as a bar to an action against it in the Washington County suit. On April 18, 1982, Atkin and Nyberg returned to the trial court in Duchesne County and moved to correct the dismissal with prejudice in this case to one without prejudice.

■ The appellants in this case sought relief pursuant to Utah R.Civ.P. 60(a), which provides for relief from "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission." This Court has differentiated between clerical errors and judicial errors, stating:

> The distinction between a judicial error and a clerical error does not depend upon who made it. Rather, it depends on whether it was made in rendering the judgment or in *recording* the judgment as rendered. 46 Am.Jur.2d Judgments § 202.

*Richards v. Siddoway*, 24 Utah 2d 314, 317, 471 P.2d 143, 145 (1970) (emphasis added). The correction contemplated by Rule 60(a) must be undertaken for the purpose of reflecting the actual intention of the court and parties. 6A Moore's Federal Practice ¶ 60.06[1] (2d ed. 1983). Rule 60(a) is not intended to correct errors of a substantial nature, particularly where the claim of error is unilateral. The fact that an intention was subsequently found to be mistaken would not cause the mistake to be "clerical." *See Bershad v. McDonough*, 469 F.2d 1333 (7th Cir.1972).

■ In the instant case, the error complained of may not be characterized as "clerical." The court may have erred in granting Parrish Oil Tools a dismissal with prejudice, but the appropriate remedy was a timely motion to amend and/or a timely appeal to this Court.

We note that although the three-month limitation for bringing a Rule 60(b)(1) motion has run, neither the rules of civil procedure nor this holding precludes appellants' seeking other relief if there is a basis in fact for such relief.

> [Rule 60(b) ] does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or to set aside a judgment for fraud upon the court.

Utah R.Civ.P. 60(b). *See also Richards v. Siddoway, supra.*

The trial court did not abuse its discretion in refusing to change the order retroactively, and its judgment is therefore affirmed. No costs awarded.

HALL, C.J., and STEWART, OAKS and HOWE, JJ., concur.