**STATE of Utah, Plaintiff and Appellant,**

v.

**Arnold J. SWENSON, Defendant and Appellee.**

**No. 910026.**

Supreme Court of Utah.

Sept. 28, 1992.

R. Paul Van Dam, David N. Sonnenreich, Salt Lake City, for plaintiff and appellant.

James N. Barber, Salt Lake City, for defendant and appellee.

---

**2.** Utah Code Ann. § 57–1–32.

HOWE, Associate Chief Justice:

The State appeals from an order dismissing a criminal information against defendant Arnold J. Swenson which charged him with three counts of the sale of securities by an unregistered agent in violation of Utah Code Ann. §§ 61–1–3(1) and 61–1–21 (1989 & Supp.1990). A motion to dismiss was filed by defendant before the date set for trial. In his motion, he contended that the definition of the term "agent" in section 61–1–3(1) is unconstitutionally vague in violation of both the Fourteenth Amendment to the United States Constitution and article I, section 7 of the Utah Constitution. The trial court granted the motion. The State appeals under Utah Rule of Criminal Procedure 26(3)(d), which grants the State the right to appeal an order holding a statute to be invalid. This court has jurisdiction of an appeal when a trial court order rules a statute unconstitutional on its face. Utah Code Ann. § 78–2–2(3)(g).

Section 61–1–3(1) provides, "It is unlawful for any person to transact business in this state as a broker-dealer or agent unless he is registered under this chapter." Defendant was charged with acting as an "agent," which is defined in section 61–1–13(2) as "any individual other than a broker-dealer who represents a broker-dealer or issuer in effecting or attempting to effect purchases or sales of securities." However, that definition is qualified in the same section by a three-pronged exception which excludes a person who (1) represents an issuer, (2) receives no commission or other remuneration, and (3) effects a transaction in securities in any one of a large number of instances, including those set forth in section 61–1–14(2). Pertinent to the instant case are three instances provided in section 61–1–14(2)(a), (d), and (n), which respectively exempt securities sold in isolated transactions, in transactions involving an underwriter, or in transactions not involving a public offering.

The basis of the trial court's order of dismissal was that there are no provisions in the Utah Uniform Securities Act, §§ 61–1–1 to –30, or elsewhere in the statutes which define "isolated transaction," "underwriter," or "public offering." Nor could the court find definitions of those terms in Utah case law. The court stated that without adequate definitions of those terms, it could not properly instruct the jury as to their proper meaning. The court further noted that under section 61–1–14.5, the burden of proving the availability of an exemption from the registration requirement was on defendant. It was impossible, the court concluded, for defendant Swenson to sustain his burden of establishing that he was not acting as an agent when he effected the securities transactions at issue in this case. The court held that by employing those terms in section 61–1–14(2) without providing authoritative, readily available definitions of the terms, the legislature had failed to advise a reasonable person of the nature of the securities transactions which may not be effected without registration as an agent with sufficient clarity to meet the specificity requirements of due process under the United States and Utah Constitutions.

We need not and do not reach the vagueness issue which troubled the trial court. The State has conceded that Swenson meets prong one and prong three of the three-pronged test for exception from the definition of agent. The lack of definitions upon which the trial court based its order of dismissal concerned only prong three. The State contends that Swenson fails to meet only prong two of the exception test, that is, he received no commission or other remuneration. Defendant has not attacked or raised any issue regarding lack of definition or vagueness as to prong two. We therefore reverse the order of dismissal and remand the case for trial solely on the issue of whether Swenson received a commission or other remuneration.[1]

1. We note that in 1991, the legislature amended section 61–1–3 to include the following provision: "A term not defined in Section 61–1–13 shall have the meaning as established by division rule. The meaning of a term neither defined in this section nor by rule of the division shall be the meaning commonly accepted in the business community." § 61–1–13(21) (current version at § 61–1–13(25) (Supp.1992)).

■ One other matter should be addressed. Section 61–1–14.5 provides:

In any proceeding under this chapter, civil, criminal, administrative, or judicial, the burden of proving an exemption under Section 61–1–14 or an exception from a definition under Section 61–1–13 is upon the person claiming the exemption or exception.

Under a literal interpretation of that statute, defendant would appear to have the burden of proving that he received no commission or other remuneration, thereby meeting prong two of the exception. Such an interpretation, however, would raise constitutional concerns. Both the United States Constitution and the Utah Constitution require that the burden of proving all elements of a crime is on the prosecution. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072–73, 25 L.Ed.2d 368, 375 (1970); *State v. Starks,* 627 P.2d 88, 92 (Utah 1981).

In *Mullaney v. Wilbur,* 421 U.S. 684, 701, 95 S.Ct. 1881, 1890–91, 44 L.Ed.2d 508, 520–21 (1975), the Court extended the holding in *Winship* to require the prosecution to disprove the nonavailability of defenses raised by a criminal defendant which served to negate an element of the charged offense. We have consistently followed that policy in this state. In *State v. Wood,* 648 P.2d 71, 82 n. 7 (Utah 1982), we observed that a long line of Utah cases imposes on the prosecution the burden to disprove the existence of affirmative defenses beyond a reasonable doubt, once the defendant has produced some evidence of the defense. *See also State v. Knoll,* 712 P.2d 211, 215 (Utah 1985).

Like Utah, Michigan has adopted in substance the Uniform Securities Act. In *People v. Dempster,* 396 Mich. 700, 242 N.W.2d 381 (1976), the defendants, who had been convicted of selling unregistered securities in violation of the Michigan Act, appealed. They contended that the provision of the Act (similar to our section 61–1–14.5) which placed the burden of proving an exemption or exception upon the person claiming it required them to bear an unconstitutional burden of proving their innocence. The Michigan Supreme Court disagreed. In that case, the defendants maintained that they had sold commercial paper, which is an exempt security. *See* § 61–1–14(1)(i). The court observed that the defendants' claim of exemption was in the nature of an affirmative defense as a claim "that the accused is within an exception or proviso in the statute defining the crime." 396 Mich. at 711, 242 N.W.2d at 387 (quoting Edward W. Cleary, et al., *McCormick on Evidence* § 341, at 800 (2d ed. 1972)).

[T]he recent trend is to treat these so-called matters of defense as situations wherein the accused will usually have the first burden of producing evidence in order that the issue be raised and submitted to the jury, but at the close of the evidence the jury must be told that if they have a reasonable doubt of the element thus raised they must acquit.

396 Mich. at 711–12, 242 N.W.2d at 387 (quoting *McCormick* § 341, at 802). Thus, the Michigan court concluded that the provision of the Uniform Securities Act placing the burden of proving an exemption on the defendant

must be interpreted to mean that once the state establishes a prima facie case of statutory violation, the burden of going forward, i.e., of injecting some competent evidence of the exempt status of the securities, shifts to the defendant. However, once the defendant properly injects the issue, the state is obliged to establish the contrary beyond a reasonable doubt.

*Id.* at 713–14, 242 N.W.2d at 388 (citations omitted).

We agree with that interpretation. It accords with a fundamental rule of statutory construction that as between two possible interpretations of a statute, that interpretation will be favored which renders the statute constitutional. *Salter v. Nelson,* 85 Utah 460, 467, 39 P.2d 1061, 1064 (1935); *see also State v. Tebbs,* 786 P.2d 775, 779 (Utah Ct.App.1990). On remand, we direct that if defendant produces some evidence that he received no commission or other remuneration, thus properly raising the issue, the burden of proof must be and re-

main with the prosecution that defendant did in fact receive a commission or other remuneration. If this interpretation of section 61–1–14.5 is followed, there will be no violation of defendant's constitutional rights.

The case is remanded to the trial court for further proceedings consistent with this opinion.

HALL, C.J., and DURHAM, STEWART and ZIMMERMAN, JJ., concur.