The STATE of Ohio, Appellee,

v.

CHANEY, Appellant.

[Cite as *State v. Chaney* (1998), 128 Ohio App.3d 100.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA97–11–097.

Decided June 1, 1998.

*Donald W. White*, Clermont County Prosecuting Attorney, and *David H. Hoffmann*, Assistant Prosecuting Attorney, for appellee.

*Ely & True* and *Richard P. Ferenc*, for appellant.

WALSH, Judge.

Defendant-appellant, Timothy S. Chaney, appeals his conviction for his third speeding offense in one year, an offense which, because of two prior violations, is a third degree misdemeanor. We affirm.

The facts in this case are not in dispute. In accordance with App.R. 9(D),[1] the parties submitted an agreed statement as part of the record on appeal. In that statement, the parties stipulate to the following:

---

1. App.R. 9(D) states:

"On May 10, 1997, the Defendant, Timothy S. Chaney, was cited, by the Ohio State Highway Patrol, for operating his motor vehicle at a speed of 66 m.p.h. in a 55 m.p.h. zone, in violation of Section 4511.21 of the Ohio Revised Code. * * *

"The Defendant did not request a trial by jury and a bench trial occurred on August 20, 1997.

"The Parties would stipulate that the following facts testified to by the Trooper at the trial in this matter are accurate and not subject to dispute by either the State or the Defendant.

"On May 10, 1997, at approximately 9:35 A.M., an Ohio State Highway Patrol Trooper observed the Defendant operating his tractor trailer on St. Rt. 32 in Clermont County, Ohio. At that time, the Trooper activated his laser unit and established that the Defendant was traveling 66 m.p.h. in a 55 m.p.h. zone. The Parties would agree that the laser unit was properly calibrated and functioning properly at the time it was used and no challenge is made to legitimacy [*sic*] of the results produced by this laser unit. The Defendant was issued a citation for violating Section 4511.21(D)(1) of the Ohio Revised Code, for exceeding the 55 m.p.h. zone. The Trooper also alleged in the citation that the speeding offense for which the Defendant was being cited constituted his third moving violation within one year. Therefore, pursuant to Section 4511.99(D)(1)(c) of the Ohio Revised Code, the offense was elevated from that of a minor misdemeanor to a misdemeanor of the third degree."[2]

The statement also indicates that in order to establish the prior violations at trial, the state submitted two "properly certified public records," Exhibits A and B. Exhibits A and B were admitted without objection at trial and were attached to the App.R. 9(D) statement. Each exhibit consists of two documents: (1) a photocopy of the front of a ticket charging appellant for a prior speeding violation, and (2) a certified copy of a computer printout corresponding to the ticketed offense. These appear to be trial court docket sheets and are titled,

---

"In lieu of the record on appeal * * * the parties * * * may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented. If the statement conforms to the truth, it, together with additions as the trial court may consider necessary to present fully the issues raised by the appeal, shall be approved by the trial court prior to the time for transmission of the record * * * and shall then be certified to the court of appeals as the record on appeal * * *."

2.  R.C. 4511.21(D)(1), the section under which appellant was charged on May 10, 1997, prohibits operating a motor vehicle on a street or highway "[a]t a speed exceeding fifty-five miles per hour * * *." Ordinarily, a violation of R.C. 4511.21(D)(1) is a minor misdemeanor. R.C. 4511.99(D)(1). However, if an offender who violated R.C. 4511.21 has previously been convicted of or pled guilty to two or more violations of certain traffic laws, including R.C. 4511.21, the offense is elevated to a misdemeanor of the third degree. R.C. 4511.99(D)(1)(c).

respectively, Traffic Case Information Hardcopy (Exhibit A) and Case Report for Traffic Case 96–TRD11455–01 (Exhibit B). The parties agree that the docket sheets are not "Entries of a Judgment of Conviction."

The parties further stipulate that the state trooper testified at trial "as to certain similar identifiers" in Exhibits A and B, including "the same name, residence address, date of birth and social security number." In fact, the tickets and corresponding docket sheets in both exhibits reference the same name, address, birthday, and Ohio driver's license number. Both tickets and the docket sheet in Exhibit A list the same Social Security number, but there is no Social Security number on Exhibit B. As to the disposition of each ticket, the docket sheet in Exhibit A indicates that a Timothy S. Chaney pled guilty to traveling sixty-four m.p.h. in a fifty-five m.p.h. zone. The docket sheet in Exhibit B reflects that Timothy S. Chaney was found guilty of driving seventy m.p.h. in a fifty-five m.p.h. zone upon payment of a fine of $70.

The parties' App.R. 9(D) statement further states that appellant did not testify at trial, did not admit to any prior moving violations within one year of the date of the current citation, and did not admit that he was the same as the person identified in exhibits A and B.

At trial, the state argued that Exhibits A and B, together with the state trooper's testimony concerning the "similar identifiers" and the ticket he issued to appellant in May 1997, were sufficient to prove the two prior convictions. Appellant's counsel, on the other hand, argued that Exhibits A and B were insufficient to prove appellant's prior convictions. Therefore, appellant argued, since he did not dispute the May 10, 1997 speeding ticket, he should have been convicted only of that charge, a minor misdemeanor.

On September 24, 1997, the trial court issued a signed judgment entry finding appellant guilty of his third speeding offense in one year, a third degree misdemeanor. Appellant filed this appeal. In a single assignment of error, appellant asserts that the state failed to provide sufficient evidence that he had two prior convictions and that, as a result, the trial court erred in finding him guilty of a third degree misdemeanor.

The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574

N.E.2d 492, paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

When a prior offense "transforms" a crime by increasing its degree, the prior offense is an element of the crime and must be proven by the state beyond a reasonable doubt. *State v. Allen* (1987), 29 Ohio St.3d 53, 54, 29 OBR 436, 437, 506 N.E.2d 199. See, also, *State v. Gordon* (1971), 28 Ohio St.2d 45, 48, 57 O.O.2d 180, 182, 276 N.E.2d 243 (where an offender faces an enhancement in the degree of offense, the "state must be put to its proof regarding the identity of the accused in the prior offense and must demonstrate the fact of such prior offense beyond a reasonable doubt"). In the present case, the existence of two prior convictions or guilty pleas increases the degree of the offense charged against appellant from a minor misdemeanor to a third degree misdemeanor. R.C. 4511.99(D)(1)(c). Therefore, the state was required to prove appellant's two prior pleas of guilty beyond a reasonable doubt. Appellant argues that to establish his prior violations the state was required to comply with R.C. 2945.75(B). R.C. 2945.75 applies "[w]hen the presence of one or more additional elements makes an offense one of more serious degree." It states:

"(B) Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction."

The definition of a "judgment entry" is set forth in Crim.R. 32(C):

"A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."

In response, the state contends that the method of proving prior convictions set forth in R.C. 2945.75(B), *i.e.*, a certified copy of a signed judgment entry of conviction that has been entered on the court's journal, is not the only acceptable method of proving prior traffic offenses. In support of this position, the state points to the language of R.C. 4511.99(D)(1)(c), which enhances the degree of certain traffic offenses if the "offender previously has been convicted of *or pleaded guilty to* two or more" specified traffic violations. (Emphasis added.) This provision appears to incorporate the common situation where a defendant pleads guilty to a traffic offense by paying a fine and costs and a judgment entry of conviction is never issued. Under the Traffic Rules, defendants who have been charged with certain traffic offenses may:

"(1) Appear in person at the traffic violations bureau, sign a plea of guilty and waiver [of] trial provision of the ticket, and pay the total amount of the fine and costs; [or]

"(2) Sign the guilty plea and waiver of trial provision of the ticket and mail the ticket and a check or money order for the total amount of the fine and costs to the traffic violations bureau." Traf.R. 13(D).

In addition, remittance by mail of the fine and costs of a ticket constitutes a guilty plea and waiver of trial even if the ticket is not signed by the defendant. *Id.* In this situation, the only proof of a prior violation would be evidence that the defendant entered a plea of guilty in accordance with the above-stated rules. Thus, the state asserts, "proof that a person entered a guilty plea to a traffic offense by means of a 'pay out' would constitute adequate proof that the defendant 'pleaded guilty to' a prior moving violation."

This court has previously held that R.C. 2945.75 sets forth one way, but not the exclusive way, of proving prior convictions. In *State v. Smith* (Sept. 24, 1990), Clermont App. No. CA89–12–105, unreported, 1990 WL 138354, this court found that the state proved a prior conviction despite the absence of a "technically correct" judgment entry by presenting the following evidence: a certified copy of the trial court's "face sheet," a copy of the court's docket sheet indicating that the conviction had been journalized, the entire court record from the prior conviction, testimony by the arresting officer that he had arrested the defendant on the concealed weapons charge and that he had appeared in court when appellant was found guilty on the charge, and testimony by the defendant that he was the person identified in the court records presented by the state. See, also, *State v. Matheny* (Mar. 21, 1988), Preble App. No. CA87–09–025, unreported, 1988 WL 34063 (testimony of the officer who investigated prior offense that defendant was convicted of both the prior offense and the present offense was sufficient to allow trial court to conclude that defendant had been convicted of prior offense).

We now turn to the question of whether in this case the state proved appellant's prior convictions beyond a reasonable doubt. First, the state was required to prove the identity of appellant in the prior offenses. *Gordon.* In this instance, the state's proof is nearly entirely documentary. In the App.R. 9(D) statement, the parties stipulate that an Ohio state trooper ticketed appellant on May 10, 1997, for driving sixty-six m.p.h. in a fifty-five m.p.h. zone. A comparison of the record resulting from the May 10 violation with Exhibits A and B reveals that the personal identifiers (name, address, Social Security number, birthday, and license number) in each case are identical. The physical description of the offender in all three cases is also identical except that the estimate of the offender's weight varies on each citation. Appellant did not admit at trial

that he was the person identified in exhibits A and B. However, it is undisputed that appellant was cited for and found guilty of the May 10 violation. It is also obvious to this court that appellant is the person referenced in Exhibits A and B. Therefore, we find that there was sufficient evidence before the trial court to establish appellant's identity in the prior offenses.

This court also finds that the certified copies of the docket sheets contained in exhibits A and B provide sufficient evidence to support the trial court's finding that appellant pled guilty to two prior violations of R.C. 4511.21, both of which occurred within one year of the May 10, 1997 violation. The docket sheet in Exhibit A reflects that on October 8, 1996, Timothy S. Chaney pled guilty in the Ironton Municipal Court to driving sixty-four m.p.h. in a fifty-five m.p.h. zone on September 20, 1996. Exhibit B indicates that on July 18, 1996, the same individual pled guilty in the Mansfield Municipal Court to "[g]oing 70 in a 55 zone" on July 9, 1996.

Accordingly, we find that there was sufficient evidence before the trial court to find appellant guilty beyond a reasonable doubt of his third speeding violation within one year. The assignment of error is overruled.

*Judgment affirmed.*

POWELL, P.J., concurs.

KOEHLER, J., dissents.

KOEHLER, Judge, dissenting.

The majority has established beyond question the old adage, "there is more than one way to skin a cat," in this case of a traffic offender.

The majority cites R.C. 2945.75 to establish what the legislature requires the prosecution to prove in enhancing prior convictions. There is no question in this cause that such proof was not presented to the court. This court, relying principally upon its prior unreported decisions, has determined that the statute does not establish the exclusive manner of proving previous offenses.

The majority, recognizing the difficulty traffic courts encounter, has fashioned a "just as good" method of establishing prior enhancing speeding convictions. The majority has in effect eased the prosecution's burden of proof to something less than proof beyond a reasonable doubt and has effectively placed a burden upon appellant to attack the validity of Exhibits A and B, computer generated statistical printouts.

Accordingly, I dissent.