2000 Utah Ct. App. 277

**AMERICAN FORK CITY, Plaintiff and Appellee,**

v.

**Troy Dale ROTHE, Defendant and Appellant.**

No. 990863–CA.

Court of Appeals of Utah.

Oct. 5, 2000.

Craig M. Bainum, Lehi, for Appellant.

James Tucker Hansen and Bruce R. Murdock, Duval Hansen Witt & Moreley, LLC, American Fork, for Appellee.

Before JACKSON, Associate Presiding Judge, BENCH and BILLINGS, JJ.

## OPINION

JACKSON, Associate Presiding Judge:

¶ 1 Troy Dale Rothe appeals his conviction of retail theft, a class B misdemeanor in violation of Utah Code Ann. § 76–6–602(1) (1999). We affirm.

## BACKGROUND

¶ 2 Rothe and a companion, Barringer, were together in a Smith's grocery store in American Fork when a Smith's employee saw Barringer taking items from the shelf and putting them in his pockets. The store employee saw Rothe looking up and down the aisle and back at Barringer while Barringer was secreting the merchandise. Both men then moved to the next aisle and repeated the process, with Rothe looking up and down the aisle while Barringer took more merchandise. The employee did not see Rothe take any merchandise.

¶ 3 Rothe and Barringer then moved quickly to the front exit of the store, where they were confronted by several store employees. Although Barringer tried to escape, Rothe did not resist. Store employees held the two until the police arrived. While waiting for the police, Rothe told the employees he knew Barringer was stealing from the store. Merchandise was found on Barringer, but not on Rothe. Rothe was charged with retail theft and convicted after a bench trial.

## ISSUE AND STANDARD OF REVIEW

■ ¶4 Rothe argues the evidence presented was insufficient to support his conviction for retail theft. " 'When reviewing a bench trial for sufficiency of the evidence, we must sustain the trial court's judgment unless it is against the clear weight of the evidence, or if [we] otherwise reach[ ] a definite and firm conviction that a mistake has been made.' " *Spanish Fork City v. Bryan,* 1999 UT App 061, ¶5, 975 P.2d 501 (citation omitted); *see also* Utah R. Civ. P. 52(a) ("Findings of fact ... shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.").

## ANALYSIS

¶5 Under section 76–6–602(1) of the Utah Code, a person commits retail theft when he or she

> [t]akes possession of, conceals, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale in a retail mercantile establishment with the intention of retaining such merchandise or with the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the retail value of such merchandise.

Utah Code Ann. § 76–6–602(1) (1999). In addition, section 76–2–202 provides that

> [e]very person acting with the mental state required for the commission of an offense who directly commits the offense, who solicits, requests, commands, encourages, or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable as a party for such conduct.

*Id.* § 76–2–202.

■ ¶6 Rothe argues, in effect, that although he was with Barringer and knew what Barringer was doing, he did nothing to aid Barringer's crime. He contends his actions were as consistent with innocence as with the theory that he was acting as Barringer's lookout. " 'Mere presence, or even prior knowledge, does not make one an accomplice when he neither advises, instigates, encourages, or assists in perpetration of the crime.' " *State v. Labrum,* 959 P.2d 120, 123 (Utah Ct.App.1998) (quoting *State v. Kerekes,* 622 P.2d 1161, 1166 (Utah 1980)); *see also In re V.T.,* 2000 UT App 189, ¶13 n. 5, 5 P.3d 1234 ("No amount of passive presence will render one an accomplice.").

■ ¶7 However, " '[w]hile mere presence at the scene of a crime affords no basis for a conviction, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' " *Watson v. State,* 214 Ga.App. 645, 448 S.E.2d 752, 753 (1994) (citation omitted). Although Rothe did not personally take any merchandise, it was the trial court's prerogative to infer from Rothe's actions that he was acting as Barringer's lookout.

¶8 In *State v. Johnson,* 6 Utah 2d 29, 305 P.2d 488 (Utah 1956), police officers saw Johnson walking quickly away from a store in the early hours of the morning. *See Johnson,* 305 P.2d at 488. After questioning Johnson, the police arrested him, and then saw Johnson's companion, Brooks, inside the locked store. *See id.* The evidence showed that: Johnson and Brooks had been together in the hours before the burglary, the only way to enter the store was through a second-story window, the only way to reach the second-story window was with a ladder, and the ladder used to reach the window had been hidden after Brooks entered the store. *See id.* at 489. Johnson was later convicted of burglary, and argued on appeal that the evidence was insufficient to support the finding that he had aided Brooks.[1] *See id.* at 488. Our supreme court disagreed with Johnson, concluding that "the only reasonable inference" to be drawn from the evidence was that Johnson had helped Brooks gain entry to the store. *Id.* at 489.

---

1. Johnson was convicted under an earlier version of the aiding and abetting statute, then Utah Code Ann. § 76–1–44 (1953). However, there is "no essential difference" between section 76–1–44 and the current statute, section 76–2–202. *State v. Shupe,* 554 P.2d 1322, 1323 (Utah 1976).

¶ 9 Similarly, in this case, the trial court inferred from the evidence presented that Rothe "intentionally aid[ed]" Barringer's theft by acting as a lookout. *See* Utah Code Ann. § 76-2-202 (1999). Not only was Rothe with Barringer when he stole the merchandise, but while Barringer was stashing the merchandise in his clothing, Rothe looked up and down the aisle and at Barringer. Most damning, when Barringer moved to the next aisle Rothe went with him and, once again, looked up and down the aisle while Barringer stashed the merchandise. Then, once Barringer had taken the merchandise, Rothe moved quickly with Barringer towards the store's exit.

¶ 10 In short, "the trial judge could have reasonably concluded, based on inferences from [Rothe's] conduct, specifically his conduct inside the store ... and his [attempted] departure with the individual who physically removed the property, that [Rothe] aided ... in the commission of the theft, and was not merely an innocent bystander." *People v. Bailey*, 132 Ill.App.3d 399, 87 Ill.Dec. 368, 476 N.E.2d 1360, 1366 (1985); *see also Maddox v. State*, 210 Ga.App. 526, 436 S.E.2d 730, 732 (1993) (" 'A person who acts as a "lookout" during the commission of a [crime] is participating in the commission of that crime within the meaning of the [aiding and abetting statute].' " (first alteration in original) (citation omitted)); *In re V.T.*, 2000 UT App 189 at ¶ 18 (reversing adjudication of theft based on accomplice liability because evidence showed only that defendant "was a witness—not an accomplice—to the theft").

## CONCLUSION

¶ 11 The evidence presented supports the trial court's conclusion that Rothe intentionally aided Barringer's retail theft by acting as a lookout. Accordingly, we affirm his conviction.

¶ 12 WE CONCUR: RUSSELL W. BENCH, Judge, and JUDITH M. BILLINGS, Judge.